**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:   BOSTON SCIENTIFIC CORP.,
           PELVIC REPAIR SYSTEM
           PRODUCTS LIABILITY LITIGATION      MDL No. 2326

THIS DOCUMENT RELATES TO:

*Bethanne T. Klugerman v. Boston Scientific Corp.*
Civil Action No. 2:15-cv-03162

**ORDER**

Pending before the court is Boston Scientific's Motion for Sanctions [ECF No. 5]. For the reasons stated below, the Motion for Sanctions is **GRANTED in part** and **DENIED in part**.

**I.   Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 16, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Rule 33 of the Federal Rules of Civil Procedure and responses to requests for production under Rule 34 of the Federal Rules of Civil Procedure. The parties jointly drafted the requirements for PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL.

The plaintiff filed her Short Form Complaint on March 16, 2015, so her PPF was due on or before May 15, 2015. The plaintiff did not submit a PPF during this time period. She did, however, submit a PPF after Boston Scientific filed the Motion for Sanctions, requesting the court to order the plaintiff to pay a reasonable monetary penalty, to dismiss the plaintiff's case, or to do both. The plaintiff insists sanctions are inappropriate because any deficiency has been cured.

**II.    Legal Standard**

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows a court to sanction a party for failing to comply with discovery orders. This authority has particular significance in the MDL context.  Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in a smooth and efficient manner, I must define and then strictly adhere to rules for discovery. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge

must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively."). [1]

**III. Discussion**

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Boston Scientific. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Accordingly, Boston Scientific's Motion for Sanctions is **GRANTED** to the extent that it seeks the payment of reasonable expenses. I find that $500 is a minimally representative valuation of Boston Scientific's expenses. This number accounts for the time and money Boston Scientific spent identifying the plaintiff as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting a motion for sanctions; serving the motion; and replying to the plaintiff's brief in opposition. All knowledgeable MDL counsel would consider these efforts, which would have been avoided had the plaintiff followed the court's order, to be worth $500 at the least.

---

[1] Some plaintiffs contend that the court must apply the *Wilson* factors before ordering monetary sanctions, which is inaccurate. The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977) *cert. denied*, 434 U.S. 1020 (1978)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

To the extent Boston Scientific seeks dismissal of the plaintiff's case, its motion is **DENIED**.

IV.     **Conclusion**

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Boston Scientific **$500** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[2] If the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. It is further **ORDERED** that Boston Scientific's Motion for Sanctions [ECF No. 5] is **GRANTED in part** and **DENIED in part**. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     October 15, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Boston Scientific to communicate with plaintiffs' leadership regarding payment instructions.

4